# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SARA GONZALEZ FLAVELL,<br>　　　　Plaintiff<br><br>　　v.<br><br>INTERNATIONAL BANK FOR<br>RECONSTRUCTION AND DEVELOPMENT,<br>　　　　Defendant | Civil Action No. 20-623 (CKK) |

## MEMORANDUM OPINION
(March 25, 2021)

Plaintiff Sara Gonzalez Flavell, proceeding *pro se*, filed this action in the Superior Court of the District of Columbia seeking reimbursement for certain employment benefits allegedly owed to her by Defendant International Bank for Reconstruction & Development ("IBRD"). IBRD subsequently removed this action to federal court and then moved to dismiss Plaintiff's complaint. Now pending before the Court are Plaintiff's [10] Motion to Remand and Defendant's [24] Motion to Dismiss. Upon review of the pleadings, the relevant legal authority, and the record as a whole,[1] the Court will **DENY WITHOUT PREJUDICE** Plaintiff's Motion to Remand and also **DENY WITHOUT PREJUDICE** IBRD's Motion to Dismiss.

---

[1] The Court's consideration has focused on the following briefing and material submitted by the parties:

- Notice of Removal ("Not. of Removal"), ECF No. 1;
- Compl., ECF No. 1-1;
- Def.'s Mem. of P. & A. in Supp. of Mot. to Dismiss; ECF No. 7;
- Pl.'s Obj. to Removal and Request to Order Remand to the D.C. Sup. Ct. ("Mot. to Remand"), ECF No. 9;
- Def.'s Mem. of P. & A. in. Opp'n to Pl.'s Mot. to Remand ("Def.'s Opp'n"), ECF No. 13;
- Pl.'s Reply in Opp'n to Def.'s Opp'n to Remand; ECF No. 18;
- Am. Compl., ECF No. 22-2;
- Def.'s Mem. of P. & A. in Supp. of Second Mot. to Dismiss; ECF No. 24-1;
- Pl.'s Opp'n to Def.'s Second Mot. to Dismiss; ECF No 30; and,
- Def.'s Reply to Pl.'s Opp'n to Second Mot. to Dismiss; ECF No. 31.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

## I.   BACKGROUND

On February 6, 2020, Plaintiff filed a civil action against IBRD in the Superior Court of the District of Columbia ("D.C. Superior Court").  *See* Compl. at 1.  Therein, Plaintiff alleged that she had been an employee of IBRD from October 1988 until December 2017.  *See id.* at ¶ A.  In December 2017, however, IBRD allegedly terminated Plaintiff "due to redundancy."  *Id.* at ¶ E. IBRD then withheld $74,101.90 in employee benefits from Plaintiff, allegedly owed to her upon termination.  *See id.* at ¶ P.  According to Plaintiff, IBRD's refusal to pay out these benefits violated IBRD's own "rules," as well as "DC law."  *Id.* at ¶ E.  On the basis of these withholdings, Plaintiff asserted a single "breach of contract" claim against IBRD in her complaint before the D.C. Superior Court.  *See id.* at 13 (identifying "nature of suit").

On March 3, 2020, IBRD removed Plaintiff's action from the D.C. Superior Court to this Court, pursuant to 28 U.S.C. § 1441(a).  To support removal, IBRD explained that it is a "public international organization" under the International Organizations Immunities Act of 1945 ("IOIA"), Not. of Removal, at ¶ 5, and, therefore, receives "the same privileges and immunities as foreign nations conferred by the Foreign Sovereign Immunities Act ("FSIA")," *id.* at ¶ 6.  IBRD contended that because "the Court must apply the intricacies of federal case law interpreting the FSIA at the outset of any suit against an international organization, Plaintiff's claims arise under a federal question."  *Id.*  In sum, IBRD asserted that "[t]his Court has original jurisdiction over this matter pursuant to the IOIA, 22 U.S.C. § 288a, the FSIA, 28 U.S.C. § 1330(a), . . . and because it raises a question arising under federal law, 28 U.S.C. § 1331."  *Id.* at ¶ 7.

One week after its removal under § 1441(a), IBRD filed a motion to dismiss Plaintiff's breach of contract claim for lack of subject matter jurisdiction.  *See* Mot. to Dismiss, ECF No. 7, at 1.  IBRD's motion acknowledged that Plaintiff's complaint "checked the 'Breach of Contract'

box when indicating the nature of her suit." *Id.* at 9 n.1.  Nonetheless, IBRD argued that this Court lacked jurisdiction over Plaintiff's claims because IBRD "is immune from suit and legal process pursuant to its Articles of Agreement and the [IOIA]." *Id.* at 1.  In particular, IBRD explained that "having to defend against a lawsuit based on Plaintiff's employment-related allegations interferes with the pursuit of [IBRD's] chartered objectives" and "would contravene the express language of Article VII section 1" of its Articles of Agreement. *Id.* at 6 (quotation omitted).  Accordingly, IBRD maintained that this Court "lacks subject-matter jurisdiction and the Complaint should be dismissed with prejudice." *Id.* at 5.

In view of Plaintiff's *pro se* status, the Court issued an order on March 10, 2020, pursuant to *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), notifying Plaintiff of her obligation to respond to IBRD's dispositive motion. *See* Order, ECF No. 8, at 1.  In that order, the Court also "order[ed] Plaintiff to include in her response to [IBRD's] Motion to Dismiss either an Amended Complaint, or a precise statement of the nature of the claims she [wa]s making in her Complaint and the legal grounds in order to assist the Court and parties in determining her claims." *Id.*  The Court then required Plaintiff to submit her opposition and her amended pleadings by of before April 10, 2020. *See id.*

In response, Plaintiff promptly filed a motion on March 17, 2020, to remand her complaint back to the D.C. Superior Court. *See* Mot. to Remand at 1.  In that motion, Plaintiff contended that her "claim [was] based on state law," *id.* at 19, and that IBRD's notice of removal included "no plausible case [for] federal question jurisdiction . . . " *id.* at 16.  As such, Plaintiff requested that this Court "remand [her] case to state court in accordance with 28 U.S.C. § 1447(c)." *Id.* at 19.  In turn, IBRD filed an opposition brief on March 31, 2020, which again argued that "[p]ursuant to the IOIA, international organizations enjoy the same privileges and immunities as foreign

3

nations under the FSIA, so this action may be removed to federal court." Def.'s Opp'n at 3. Additionally, IBRD's opposition brief asserted, for the first time, that the Court alternatively "has original jurisdiction pursuant to Section 10 of the Bretton Woods Act of 1945." *Id.* (citing 22 U.S.C. 286g).

In June 2020, after moving for remand, Plaintiff then filed an amended complaint. *See* Order, ECF No. 8, at 1. Plaintiff made clear that her amended complaint was filed specifically to comply with what "the Court ordered . . . in its Order of March 10, 2020." Pl.'s Mot., ECF No. 22, at 1. Plaintiff's amended complaint reiterated, in greater detail, her allegations that IBRD had wrongfully withheld benefit payments contractually owed to Plaintiff upon her termination in December 2017. *See* Am. Compl. at 1–12. In her amended complaint, Plaintiff set forth eight common-law causes of action, for: (1) Breach of Contract; (2) Conversion; (3) Misappropriation and/or Detinue; (4) Unjust Enrichment and/or Restitution; (5) Fraud and Deceit; (6) Misrepresentation; (7) Nonfeasance and/or Malfeasance; and (8) Tortious Interference with Contract. *See id.* at 55–103. In light of this amended pleading, the Court denied IBRD's original motion to dismiss without prejudice and ordered IBRD to respond to Plaintiff's amended complaint by June 26, 2020. *See* Order, ECF No 23, at 1. IBRD subsequently filed a renewed motion to dismiss Plaintiff's amended complaint, again arguing that this Court lacks subject matter jurisdiction over Plaintiff's claims because IBRD is "immune from suit and legal process pursuant to its Articles of Agreement and the [IOIA]." Def.'s Mem. of P. & A. in Supp. of Second Mot. to Dismiss, ECF No. 24-1, at 1.

Plaintiff's motion for remand, as well as IBRD's renewed motion to dismiss Plaintiff's amended complaint remain pending. As the parties have now fully briefed these motions, both motions are ripe for this Court's review.

## II.      LEGAL STANDARD

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).[2]   Upon filing a notice of removal, the defendant "bears the burden of proving that jurisdiction exists in federal court." *Downey v. Ambassador Dev., LLC*, 568 F. Supp. 2d 28, 30 (D.D.C. 2008); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Similarly, "[w]hen a plaintiff seeks to have a case that has been removed to federal court remanded back to state court, the party opposing a motion to remand bears the burden of establishing that subject matter jurisdiction exists in federal court." *Mizell v. SunTrust Bank*, 26 F. Supp. 3d 80, 84 (D.D.C. 2014) (quotation omitted).   Courts in this jurisdiction "construe[ ] removal jurisdiction strictly, favoring remand where the propriety of removal is unclear." *Ballard v. District of Columbia*, 813 F. Supp. 2d 34, 38 (D.D.C. 2011).   To that end, courts "must resolve any ambiguities concerning the propriety of removal in favor of remand." *Busby v. Cap. One, N.A.*, 841 F. Supp. 2d 49, 53 (D.D.C. 2012).

## III.     DISCUSSION

IBRD removed Plaintiff's original complaint "pursuant to 28 U.S.C. § 1441(a)." Not. of Removal, at ¶ 7.   To support removal jurisdiction, IBRD argued that this Court has original jurisdiction over Plaintiff's action under three federal statutes: (1) the IOIA, 22 U.S.C. § 288a; (2) the FSIA, 28 U.S.C. § 1330(a), and (3) 28 U.S.C. § 1331.   *See* Not. of Removal, at ¶ 7.   Then, in its brief opposing remand, IBRD further asserted that this Court also "has original jurisdiction pursuant to the Bretton Woods Act of 1945, 22 U.S.C. 286g."   Def.'s Opp'n at 2 n.1.   The Court will address each potential basis for jurisdiction below.

---

[2] The D.C. Superior Court is considered a state court for removal purposes.   *See* 28 U.S.C. § 1451(a).

**A.  Original Jurisdiction under the IOIA and the FSIA**

To begin, the Court is not persuaded that either 22 U.S.C. § 288a, under the IOIA, or 28 U.S.C. § 1330(a), under the FSIA, independently confer this Court with original jurisdiction over Plaintiff's action.  Under the IOIA, 22 U.S.C. § 288a is a federal immunity statute, providing "international organizations," like IBRD, with "the same immunity from suit and every form of judicial process as is enjoyed by foreign governments. . . ."  22 U.S.C. § 288a(b); *see also Zhan v. World Bank*, No. 19-CV-1973 (DLF), 2019 WL 6173529, at \*2 (D.D.C. Nov. 20, 2019), *aff'd sub nom. Zhan v. World Bank*, 828 F. App'x 723 (D.C. Cir. 2020).  There is, however, no grant of jurisdiction mentioned anywhere in § 288a, nor does IBRD identify such a jurisdictional provision in either its Notice of Removal or its brief in opposition to remand.  *See* Not. of Removal, at ¶ 7; Def.'s Opp'n at 1–4.  Accordingly, the Court finds no basis for removal jurisdiction under 22 U.S.C. § 288a.

Similarly, 28 U.S.C. § 1330(a), under the FSIA, falls short.  Unlike § 288a of the IOIA, § 1330(a) does set forth a jurisdictional grant.  *See* 28 U.S.C. § 1330(a).  But this statute specifically confers district courts with "original jurisdiction" over "any nonjury civil action against a *foreign state*," *id.* (emphasis added), and IBRD is not a "foreign state," *see* 28 U.S.C. § 1603(a) (defining "foreign state"); *Samantar v. Yousuf*, 560 U.S. 305, 314 (2010) ("The term 'foreign state' in FSIA on its face indicates a body politic that governs a particular territory.").  In fact, the applicability of § 1330(a) to IBRD would be difficult to reconcile with Congress's decision to enact a separate jurisdictional statute specifically applicable to IBRD.  *See* 22 U.S.C. 286g.  IBRD offers no argument to the contrary, nor does it provide any source of authority demonstrating that it may remove an action under § 1330(a).  *See* Def.'s Opp'n at 2–3.  As such, IBRD has also failed to demonstrate that 28 U.S.C. § 1330(a), under the FSIA, supports removal jurisdiction in this case.

**B.  22 U.S.C. 286g**

Next, IBRD contends that removal is proper because this Court "has original jurisdiction pursuant to the Bretton Woods Act of 1945, 22 U.S.C. § 286g."  Def.'s Opp'n at 2 n.1.[3]  In its opposition brief, IBRD argues that under 22 U.S.C. § 286g, "[a]ny 'action at law or in equity to which the [IBRD] shall be a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of any such action.'"  Def.'s Opp'n at 3–4 (quoting 22 U.S.C. § 286g).  Therefore, IBRD contends that "whenever 'the Bank is a defendant in such action, it may, at any time before the trial thereof, remove such action from a State court into the district court of the United States for the proper district.'"  *Id.* at 4.

The Court is not persuaded by IBRD's construction of 22 U.S.C. § 286g or its application of this statute to the present action.  As an initial matter, IBRD's opposition brief selectively quotes from 22 U.S.C. § 286g, omitting key phrases from the text.  In full, 22 U.S.C. § 286g states:

> For the purpose of **any action which may be brought** within the United States or its Territories or possessions by or against the Fund or the Bank **in accordance with** the Articles of Agreement of the Fund or **the Articles of Agreement of the Bank**, the Fund or the Bank, as the case may be, shall be deemed to be an inhabitant of the Federal judicial district in which its principal office in the United States is located, and **any such action** at law or in equity to which either the Fund or the Bank shall be a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of **any such action**. When either the Fund or the Bank is a defendant in **any such action**, it may, at any time before the trial thereof, remove **such action** from a State court into the district court of the United States for the proper district by following the procedure for removal of causes otherwise provided by law.

22 U.S.C. § 286g (emphasis added).  Notably, the plain language of § 286g refers to "any action which may be brought . . . by or against . . . the Bank *in accordance with . . . the Articles of*

---

[3] IBRD did not cite to 22 U.S.C. § 286g in its Notice of Removal, as a basis for this Court's removal jurisdiction.  *See* Not. of Removal, at ¶¶ 1–7.  Instead, IBRD only raised 22 U.S.C. § 286g as a potential source of jurisdiction in opposition to Plaintiff's motion to remand.  *See* Def.'s Opp'n at 2 n.1.  This belated jurisdictional reference contravenes the removal procedures set forth in 28 U.S.C. § 1446(a), which require the removing party to include "a short and plain statement of the grounds for removal" within their notice.  *See Ballard v. District of Columbia*, 813 F. Supp. 2d 34, 38 (D.D.C. 2011) (explaining that the removal statute is strictly construed).

*Agreement of the Bank*."  *Id.*  Moreover, both the jurisdictional grant and the removal provision within § 286g relate back to this qualified scope, applying specifically to "any *such* action."  *Id.* (emphasis added).

The Court finds compelling reasons to give effect to this language.  First, "it is a fundamental principle of statutory construction that effect must be given, if possible, to every word, clause and sentence of a statute so that no part will be inoperative or superfluous, void or insignificant."  *Prime Time Int'l Co. v. Vilsack*, 930 F. Supp. 2d 240, 257 (D.D.C. 2013), *aff'd sub nom. Prime Time Int'l Co. v. U.S. Dep't of Agric.*, 753 F.3d 1339 (D.C. Cir. 2014) (quotation omitted).  To simply ignore the specific reference in § 286g to IBRD's "Articles of Agreement" would directly contradict this rule of statutory construction.  Moreover, courts routinely do give effect to the conditional language Congress includes in federal removal statutes.  For example, 28 U.S.C. § 1442(a)(1) permits federal officers to remove civil actions to federal courts, but only where the suit pertains to an act carried out "under color" of the defendant's federal office.  Therefore, when applying § 1442(a)(1), courts consider not only the defendant's status as a federal officer, but also whether the conduct at issue arose "under color" of their federal office.  *See K&D LLC v. Trump Old Post Off. LLC*, 951 F.3d 503, 506 (D.C. Cir. 2020).  Conversely, if Congress wants to provide for removal based on a defendant's status alone, it may do so.  In 28 U.S.C. § 1441(d), for example, Congress enacted a removal statute applicable solely based on a defendant's status as a "foreign state."  Within this framework, the Court is persuaded that Congress could have enacted an unconditional removal statute for IBRD, without any additional qualifications.  But instead, 22 U.S.C. § 286g applies "[f]or the purpose of any action which may be brought . . . *in accordance with* . . . the Articles of Agreement of the Bank."  22 U.S.C. § 286g.  The Court will read this language to mean what it says.

From this reading, "it follows that section 286g may be held to provide a jurisdictional basis for this suit only if suit against the Bank is proper under the Articles of Agreement." *Chiriboga v. Int'l Bank for Reconstruction & Dev.*, 616 F. Supp. 963, 966 (D.D.C. 1985).  This presents two problems for IBRD in this case.   The first is that IBRD has done nothing to show that the present action is one which "may be brought . . . in accordance with" its Articles of Agreement.  22 U.S.C. § 286g.  Indeed, as discussed above, IBRD makes no mention of this language at all within either its removal papers or within its brief in opposition to remand.  This omission alone is prohibitive, as IBRD bears the burden of establishing this Court's jurisdiction upon removal.  *See Downey v. Ambassador Dev., LLC*, 568 F. Supp. 2d 28, 30 (D.D.C. 2008).

Even more tellingly, however, IBRD has expressly argued in its dispositive motions that Plaintiff's suit "*contravenes*" the language of IBRD's Articles of Agreement.  *See* Mot. to Dismiss, ECF No. 7, at 6 (emphasis added).  In particular, IBRD asserted that "having to defend against a lawsuit based on Plaintiff's employment-related allegations interferes with the pursuit of [IBRD's] chartered objectives."  *Id.*  And, according to IBRD, this direct conflict between Plaintiff's action and IBRD's Articles of Agreement deprives this Court of subject matter jurisdiction.  *See id.* at 5– 6.  Such a position is facially inconsistent with IBRD's own basis for removal jurisdiction under § 286g.  If Plaintiff's lawsuit "contravenes" IBRD's Articles Agreement, then it cannot logically be an action brought "*in accordance with*" those same Articles, as is required for jurisdiction under the statutory text.  *See Chiriboga*, 616 F. Supp. at 966 ("If the Bank is immune under the Articles of Agreement, as the Bank contends, this cause of action would not 'be brought . . . in accordance with the Articles of Agreement of the Bank', and section 286g could not be used to establish . . . jurisdiction.") (quotation omitted).  IBRD cannot have it both ways.[4]  As such, the Court finds that

---

[4] IBRD's attempt to dismiss Plaintiff's suit for lack of subject matter jurisdiction "promptly" after removal is difficult to reconcile with the federal removal statutes, because "[w]hen it appears that a district court lacks subject matter

IBRD has not satisfied its burden of demonstrating that 22 U.S.C. § 286g supports removal jurisdiction over Plaintiff's lawsuit.

## C.  Federal Question Jurisdiction

Finally, IBRD states that this Court has general federal question jurisdiction over Plaintiff's action, pursuant to 28 U.S.C. § 1331.  *See* Not. of Removal, at ¶ 7.  "28 U.S.C. § 1331 provides federal jurisdiction of all civil actions 'arising under' federal law."  *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562, 1569 (2016).  "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,'" *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987), which provides that "a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law],'" *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)).  Because "[r]emoval is appropriate only when the case might have originally been brought in federal court," *Wexler v. United Air Lines, Inc.*, 496 F. Supp. 2d 150, 152 (D.D.C. 2007), courts assess the presence of federal question jurisdiction based on the complaint as it stood at the time of removal, *see* Wright & Miller, 14C Fed. Prac. & Proc. Juris. § 3722.4 n.5 (Rev. 4th ed.) (collecting cases); *see also Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004) ("It has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought.") (quotation omitted).

At the time of removal in this case, Plaintiff's complaint asserted a single cause of action against IBRD for breach of contract.  *See* Compl. at 13 (identifying "nature of suit").  Plaintiff grounded this breach of contract claim on allegations that IBRD, her former employer, wrongfully withheld approximately $74,000 in benefits, following Plaintiff's termination in December 2017.

---

jurisdiction over a case that has been removed from a state court, the district court must *remand* the case." *Republic of Venezuela v. Philip Morris Inc.*, 287 F.3d 192, 196 (D.C. Cir. 2002) (emphasis added) (citing 28 U.S.C. § 1447(c)).

*See id.* at ¶¶ E–P.  Plaintiff's "breach of contract" claim within this employment context rests on common law principles,[5] and IBRD does not argue in either its Notice of Removal or opposition brief that Plaintiff's breach of contract claim itself "arises under" federal law, *see* Not. of Removal, at ¶¶ 6–7; Def.'s Opp'n at 1–4.  Instead, IBRD asserts that because it "enjoy[s] the same privileges and immunities as foreign nations conferred by the [FSIA]," this "Court must apply the intricacies of federal case law interpreting the FSIA at the outset of [this] suit," such that "Plaintiff's claims arise under a federal question."  Not. of Removal, at ¶ 6.

IBRD's argument falls short.  Rather than focusing on the face of Plaintiff's complaint, IBRD's basis for removal jurisdiction rests on an immunity *defense* under the FSIA it anticipated raising in response to Plaintiff's state-law cause of action.  *See Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 494 (1983) ("The House Report on the Act states that 'sovereign immunity is an affirmative defense that must be specially pleaded.'") (quoting H.R. Rep. No. 94–1487, at 17).  But "it is now settled law that a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."  *Caterpillar*, 482 U.S. at 393.  Even more directly, "it has long been settled that the existence of a federal immunity to the claims asserted does not convert a suit otherwise arising under state law into one which, in the statutory sense, arises under federal law."  *Oklahoma Tax Comm'n v. Graham*, 489 U.S. 838, 841 (1989).

In its briefing, IBRD cites to no authority permitting federal question jurisdiction specifically on the basis of an asserted federal immunity.  In fact, relevant precedent cuts against

[5] Plaintiff's amended complaint, which also asserts only common law claims against IBRD, does not waive Plaintiff's right to remand. *See* Am. Compl. at 55–103.  Plaintiff promptly filed her motion to remand well in advance of amending her complaint, and only filed her amended complaint in direct response to an order from the Court to do so. *See* Order, ECF No. 8, at 1.

IBRD's position.  For example, when applying the well-pleaded complaint rule in an earlier common law action raised against a foreign state, this Court reasoned:

> The complaint in this case only reveals a foreclosure action brought exclusively under District of Columbia law. Any issue pertaining to the FSIA would be raised, if at all, as a defense to the action. Because a defense is insufficient to confer jurisdiction on a federal court, the potential involvement of the FSIA does not supply this Court with removal jurisdiction.

*Strategic Lien Acquisitions LLC v. Republic of Zaire*, 344 F. Supp. 2d 145, 148 (D.D.C. 2004); *see also McKeel v. Islamic Republic of Iran*, 722 F.2d 582, 586 (9th Cir. 1983) ("[T]he . . . allegation that the FSIA deprives Iran of a sovereign immunity defense to this action does not constitute a well-pleaded complaint under section 1331, and therefore does not provide a basis for statutory 'arising under' jurisdiction.").  Courts have also rejected attempts to predicate federal question jurisdiction on similar federal immunity defenses like tribal immunity, *see New York v. Shinnecock Indian Nation*, 686 F.3d 133, 139–41 (2d Cir. 2012), as well as the United States' sovereign immunity, *see Calif. ex rel. Sacramento Metro. Air Quality Mgmt. Dist. v. United States*, 215 F.3d 1005, 1015 (9th Cir. 2000).  For these reasons, the Court is unpersuaded by IBRD's attempt to invoke federal question jurisdiction in this case based on its own potential federal immunity to Plaintiff's common law action.

Nonetheless, there does exist a narrow exception to the traditional "well-pleaded complaint" rule.  Under *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308 (2005), a purely state-law claim may still trigger federal question jurisdiction, where it "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (quotation omitted).  But this so-called "*Grable* exception is 'extremely rare,' and applies [only] to a 'special and small category'

of cases." *North v. Smarsh, Inc.*, 160 F. Supp. 3d 63, 77 (D.D.C. 2015) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). "'It takes more than a federal element' to establish federal question jurisdiction under the *Grable* framework," *Washington Consulting Grp., Inc. v. Raytheon Tech. Servs. Co., LLC*, 760 F. Supp. 2d 94, 101 (D.D.C. 2011) (quoting *Empire*, 547 U.S. at 699), and courts have "confined *Grable* to those rare state-law claims posing a context-free inquiry into the meaning of federal law." *Washington Consulting*, 760 F. Supp. 2d at 101–02 (quotation omitted).

IBRD makes no attempt in either its Notice of Removal or its opposition brief to invoke the *Grable* exception. *See* Not. of Removal, at ¶¶ 6–7; Def.'s Opp'n at 1–4. Specifically, IBRD does not cite to the relevant standard governing the *Grable* doctrine, nor does it provide any argument that Plaintiff's state-law cause of action satisfies that test. For example, the proponent of federal jurisdiction under *Grable* must demonstrate that the state-law claim in question presents an issue of "substantial" importance not just to the litigants, but to "the federal system as a whole." *Gunn*, 568 U.S. at 260. Yet, IBRD provides no such discussion to the Court. Accordingly, absent any argument from IBRD, the Court declines to "squeeze[ ] . . . [this case] into the slim category *Grable* exemplifies." *Empire*, 547 U.S. at 701. Simply put, "[j]urisdiction may not be sustained on a theory the plaintiff has not advanced." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 810 n.6 (1986). And, again, it is IRBD that bears the burden of establishing this Court's removal jurisdiction. *See Mizell v. SunTrust Bank*, 26 F. Supp. 3d 80, 84 (D.D.C. 2014); *see also Ballard v. District of Columbia*, 813 F. Supp. 2d 34, 38 (D.D.C. 2011) (noting that remand is favored "where the propriety of removal is unclear.").

The Court notes, however, that Plaintiff has filed a parallel action against several IBRD officers and employees for alleged wrongdoing also related to Plaintiff's December 2017

termination.  *See Gonzalez Flavell v. Kim et al.*, 21-CV-115 (CKK), Compl., ECF No. 1-3, at ¶¶ 1–10.  As with this present action, the defendants in *Kim* removed Plaintiff's original complaint from D.C. Superior Court and are now litigating Plaintiff's pending motion to remand.  Unlike IBRD, however, the defendants in *Kim* have raised the *Grable* exception as a basis for federal jurisdiction and provide detailed arguments in favor of its applicability.  *See Gonzalez Flavell v. Kim et al.*, 21-CV-115 (CKK), Opp'n to Remand, ECF No. 23, at 3–12.  In order to avoid inconsistent jurisdictional rulings in these parallel actions, the Court will deny Plaintiff's motion to remand without prejudice.  Plaintiff may then refile her remand motion and, in response, IBRD may directly address the applicability of *Grable* and its progeny to the Court's removal jurisdiction over Plaintiff's action.  Finally, because of the uncertainty regarding the Court's removal jurisdiction, the Court will deny IBRD's pending motion to dismiss, without prejudice to IBRD's ability to refile that motion later in this proceeding.

## IV.    CONCLUSION

For the reasons set forth in this Memorandum Opinion, the Court will **DENY WITHOUT PREJUDICE** Plaintiff's [10] Motion to Remand.  Plaintiff may refile her motion for remand and, upon such refiling, the parties should specifically address the applicability of *Grable* and its progeny to the existence of removal jurisdiction over this action.  In view of the foregoing, the Court will also **DENY WITHOUT PREJUDICE** IBRD's [24] Motion to Dismiss.  An appropriate order will accompany this Memorandum Opinion.

**Date**: March 25, 2021

                                                    /s/
                                            COLLEEN KOLLAR-KOTELLY
                                            United States District Judge