UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SARA GONZALEZ FLAVELL,<br><br>    Plaintiff<br><br>v.<br><br>INTERNATIONAL BANK FOR RECONSTRUCTION AND DEVELOPMENT,<br><br>    Defendant | Civil Action No. 20-623 (CKK) |

**MEMORANDUM OPINION & ORDER**
(June 9, 2021)

Plaintiff Sara Gonzalez Flavell, proceeding *pro se*, filed this action in the Superior Court of the District of Columbia seeking reimbursement for certain employment benefits allegedly owed to her by her former employer, Defendant International Bank for Reconstruction & Development ("IBRD"). IBRD removed this action to federal court. Plaintiff moved to remand the action to state court. The Court denied without prejudice Plaintiff's motion to remand.

Now pending before the Court are Plaintiff's [38] Expedited Motion to Certify Court Order Denying Plaintiff's Motion to Remand for Interlocutory Appellate Review and [39] Motion to Stay. Plaintiff requests that the Court certify for interlocutory appeal its order denying Plaintiff's motion to remand and stay the proceedings in this case pending the Court's consideration of this request and/or appellate proceedings. Upon review of the pleadings,[1] the relevant legal authority, and the record as a whole, for the reasons below, the Court shall **DENY** Plaintiff's motions.

---

[1] The Court's consideration has focused on the following:

- Plaintiff's Expedited Motion to Certify Court Order Denying Plaintiff's 28 U.S.C. § 1447(c) Motion to Remand for Interlocutory Appellate Review Pursuant to 28 U.S.C. § 1292(b) and Request for Expedited Ruling ("Pl.'s Mot. to Certify"), ECF No. 38;

1

I.  BACKGROUND

On February 6, 2020, Plaintiff filed a civil action against IBRD in the Superior Court of the District of Columbia ("D.C. Superior Court"). *See* Compl., ECF No. 1-1. On March 3, 2020, IBRD removed Plaintiff's action from the D.C. Superior Court to this Court, pursuant to 28 U.S.C. § 1441(a). To support removal, IBRD explained that it is a "public international organization" under the International Organizations Immunities Act of 1945 ("IOIA"), Not. of Removal ¶ 5, ECF No. 1, and, therefore, receives "the same privileges and immunities as foreign nations conferred by the Foreign Sovereign Immunities Act ("FSIA")," *id.* ¶ 6. IBRD contended that because "the Court must apply the intricacies of federal case law interpreting the FSIA at the outset of any suit against an international organization, Plaintiff's claims arise under a federal question." *Id.* In sum, IBRD asserted that "[t]his Court has original jurisdiction over this matter pursuant to the IOIA, 22 U.S.C. § 288a, the FSIA, 28 U.S.C. § 1330(a), . . . and because it raises a question arising under federal law, 28 U.S.C. § 1331." *Id.* ¶ 7.

One week after its removal under § 1441(a), IBRD filed a motion to dismiss Plaintiff's breach of contract claim for lack of subject matter jurisdiction. *See* Def.'s Mot. to Dismiss at 1, ECF No. 7. IBRD argued that this Court lacked jurisdiction over Plaintiff's claims because IBRD "is immune from suit and legal process pursuant to its Articles of Agreement and the [IOIA]." *Id.*

- Plaintiff's Expedited Motion to Stay Proceedings, Briefings, and Filings Pending Court's Decision on the Plaintiff's Motion for Certification . . . and Pending Appellate Court's Issuance of its Decision on the Dismissal of Plaintiff's Motion to Remand ("Pl.'s Mot. to Stay"), ECF No. 39;
- IBRD's Opposition to Plaintiff's Motion for Certification and Motion to Stay ("IBRD's Opp'n"), ECF No. 42; and
- Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Certification ("Pl.'s Reply"), ECF No. 44.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision on the pending motions. *See* LCvR 7(f).

2

at 1. In particular, IBRD explained that "having to defend against a lawsuit based on Plaintiff's employment-related allegations interferes with the pursuit of [IBRD's] chartered objectives" and "would contravene the express language of Article VII section 1" of its Articles of Agreement. *Id.* at 6 (quotation omitted). Accordingly, IBRD maintained that this Court "lacks subject-matter jurisdiction and the Complaint should be dismissed with prejudice." *Id.* at 5.

In view of Plaintiff's *pro se* status, the Court issued an order on March 10, 2020, pursuant to *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), notifying Plaintiff of her obligation to respond to IBRD's dispositive motion. *See* Order at 1, ECF No. 8. The Court also "order[ed] Plaintiff to include in her response to [IBRD's] Motion to Dismiss either an Amended Complaint, or a precise statement of the nature of the claims she [wa]s making in her Complaint and the legal grounds in order to assist the Court and parties in determining her claims." *Id.*

On March 17, 2020, Plaintiff promptly filed a motion to remand her complaint to the D.C. Superior Court. *See* Mot. to Remand at 1, ECF No. 9. In that motion, Plaintiff contended that her "claim [was] based on state law," *id.* at 19, and that IBRD's notice of removal included "no plausible case [for] federal question jurisdiction . . . " *id.* at 16. As such, Plaintiff requested that this Court "remand [her] case to state court in accordance with 28 U.S.C. § 1447(c)." *Id.* at 19. In turn, IBRD filed an opposition brief on March 31, 2020, which again argued that "[p]ursuant to the IOIA, international organizations enjoy the same privileges and immunities as foreign nations under the FSIA, so this action may be removed to federal court." Def.'s Opp'n to Mot. to Remand at 3, ECF No. 13. Additionally, IBRD's opposition brief asserted, for the first time, that the Court alternatively "has original jurisdiction pursuant to Section 10 of the Bretton Woods Act of 1945." *Id.* (citing 22 U.S.C. § 286g).

3

In June 2020, after moving for remand, Plaintiff filed an amended complaint. *See* Order, ECF No. 8, at 1. Plaintiff made clear that her amended complaint was filed specifically to comply with what "the Court ordered . . . in its Order of March 10, 2020." Pl.'s Mot. to Amend, ECF No. 22, at 1. Plaintiff's amended complaint reiterated, in greater detail, her allegations that IBRD had wrongfully withheld benefit payments contractually owed to Plaintiff upon her termination in December 2017. *See* Am. Compl. at 1–12, ECF No. 22-2. In her amended complaint, Plaintiff set forth eight common-law causes of action, for: (1) Breach of Contract; (2) Conversion; (3) Misappropriation and/or Detinue; (4) Unjust Enrichment and/or Restitution; (5) Fraud and Deceit; (6) Misrepresentation; (7) Nonfeasance and/or Malfeasance; and (8) Tortious Interference with Contract. *See id.* at 55–103. In light of this amended pleading, the Court denied IBRD's original motion to dismiss without prejudice and ordered IBRD to respond to Plaintiff's amended complaint by June 26, 2020. *See* Order at 1, ECF No 23. IBRD subsequently filed a renewed motion to dismiss Plaintiff's amended complaint, again arguing that this Court lacks subject matter jurisdiction over Plaintiff's claims because IBRD is "immune from suit and legal process pursuant to its Articles of Agreement and the [IOIA]." Def.'s Mem. of P. & A. in Supp. of Second Mot. to Dismiss at 1, ECF No. 24-1.

On March 25, 2021, the Court issued an order denying without prejudice Plaintiff's Motion to Remand and denying without prejudice IBRD's Motion to Dismiss. *See* Order Denying Mot. to Remand & Mot. to Dismiss, ECF No. 32. The Court was not persuaded by IBRD's arguments that the IOIA, FSIA, or Bretton Woods Act support removal jurisdiction over Plaintiff's lawsuit. *See* Mem. Op. at 6–9, ECF No. 33. The Court also noted that it was unpersuaded by IBRD's "attempt to invoke federal question jurisdiction . . . based on its own potential federal immunity to Plaintiff's common law action." *Id.* at 12. However, the Court noted that "there does exist a

narrow exception to the traditional 'well-pleaded complaint' rule," articulated by the Supreme Court in *Grable & Sons Metal Prods., Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308 (2005). *Id.* Specifically, "a purely state-law claim may still trigger federal question jurisdiction, where it 'necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.'" *Id.* (quoting *Gunn v. Minton*, 568 U.S. 251, 258 (2013)). Although IBRD "ma[de] no attempt in either its Notice of Removal or opposition brief to invoke the *Grable* exception," *id.* at 13, the Court observed:

> Plaintiff has filed a parallel action against several IBRD officers and employees for alleged wrongdoing also related to Plaintiff's December 2017 termination. *See Gonzalez Flavell v. Kim et al.*, 21-CV-115 (CKK), Compl., ECF No. 1-3, at ¶¶ 1–10. As with this present action, the defendants in Kim removed Plaintiff's original complaint from D.C. Superior Court and are now litigating Plaintiff's pending motion to remand. Unlike IBRD, however, the defendants in *Kim* have raised the *Grable* exception as a basis for federal jurisdiction and provide detailed arguments in favor of its applicability. *See Gonzalez Flavell v. Kim et al.*, 21-CV-115 (CKK), Opp'n to Remand, ECF No. 23, at 3–12. In order to avoid inconsistent jurisdictional rulings in these parallel actions, the Court will deny Plaintiff's motion to remand without prejudice. Plaintiff may then refile her remand motion and, in response, IBRD may directly address the applicability of *Grable* and its progeny to the Court's removal jurisdiction over Plaintiff's action.

*Id.* at 13–14.

In a motion dated April 15, 2021, Plaintiff sought reconsideration of the Court's Order denying her Motion to Remand. *See* Mot. for Reconsideration, ECF No. 34. The Court denied Plaintiff's motion for reconsideration because Plaintiff had not identified an intervening change in law, the discovery of new evidence, or a clear error of law in the Court's Order justifying reconsideration. *See* Order, ECF No. 36.

On April 23, 2021, Plaintiff filed her pending Motion to Certify, in which she requests that the Court certify for interlocutory appeal its order denying her motion to remand. Pl.'s Mot. to Certify at 2. Plaintiff's motion is based on her claim that such an appeal raises a "substantial question" of law, specifically whether a "a pro se Plaintiff, or any Plaintiff, should have to file a Motion to Remand twice when there is no clear basis on which the removal was made and/or in case where it is unclear that removal should be allowed." *Id.* Plaintiff argues that 28 U.S.C. § 1292(b) and the collateral order doctrine supply the legal bases for the requested interlocutory appeal. *See id.* at 4, 7. Plaintiff contemporaneously filed her Motion to Stay, in which she requesta that the Court stay proceedings in this case, including its order directing Plaintiff to re-file her Motion to Remand. *See* Pl.'s Mot. to Stay at 7.

On April 29, 2021, the Court ordered IBRD to respond to Plaintiff's Motion to Certify and, in light of its order for this briefing, extended Plaintiff's time to re-file her motion to remand.[2] Order, ECF No. 40. The Court also held in abeyance Plaintiff's Motion to Stay pending its resolution of her Motion to Certify. *Id.* IBRD filed its opposition to Plaintiff's Motion to Certify on May 7, 2021, and Plaintiff filed a reply on May 17, 2021. *See* Def.'s Opp'n, ECF No. 41; Pl.'s Reply, ECF No. 44.

---

[2] In its April 29, 2021 Order, the Court extended Plaintiff's time to re-file her motion to remand from May 3, 2021 until May 17, 2021. Plaintiff still re-filed her motion to remand on May 3, 2021. *See* Pl.'s Second Motion to Remand, ECF No. 41. Upon receipt of Plaintiff's second motion to remand, the Court stayed its consideration of that motion pending its resolution of her Motion Certify and Motion to Stay. *See* Order, ECF No. 43.

6

## II. DISCUSSION

Federal courts of appeals have jurisdiction only over "final decisions" of the district courts. 28 U.S.C. § 1291. "The Supreme Court has defined as final only a decision that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Neal v. Brown*, 980 F.2d 747, 747 (D.C. Cir. 1992) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978)) (additional citations and quotation marks omitted). A decision to deny a motion to remand plainly does not end the litigation, but merely "determines that it will proceed in federal court." [3] *Id.* at 748; *see Caterpillar v. Lewis*, 519 U.S. 61, 74 (1996) ("[A]n order denying a motion to remand, standing alone, is [o]bviously . . . not final and [immediately] appealable as of right." (internal citations and quotation marks omitted)). Accordingly, a denial of a motion to remand is not appealable under § 1291 as a "final" order. *Id.* (collecting cases and noting that "[i]n holding that a denial of a motion to remand is not appealable under § 1291, [the D.C. Circuit] is in accord with every other federal circuit court of appeals that has addressed this issue").

Plaintiff, however, asserts two legal bases in support of her request to certify for interlocutory appeal the Court's order denying her motion to remand: (1) 28 U.S.C. § 1292(b) and (2) the collateral order doctrine. *See* Pl.'s Mot. to Certify at 4, 7. Because the Court concludes that neither basis is appropriate in this case, the Court shall decline to certify for interlocutory review its order denying without prejudice her motion to remand. The Court shall also deny

---

[3] Plaintiff suggests that the Court's order is final with respect to the purported "procedural irregularities made by [IBRD] in its legally defective [Notice of] Removal" because the Court's order denying her motion to remand did not address those procedural deficiencies. Pl.'s Reply at 6. But, by "timely moving to remand, [plaintiff] did all that was required to preserve [her] objection to removal," including based on the procedural grounds she asserted in her original motion to remand. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996). Moreover, the Court denied Plaintiff's initial motion to remand *without prejudice* and ordered her to *re-file* her motion.

7

Plaintiff's request for a stay in this case and order the parties to complete briefing on Plaintiff's second motion to remand.

### A. Certification for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b).

Plaintiff first relies on § 1292(b) as the basis for her request that the Court certify for interlocutory appeal its order denying her motion to remand. "A party seeking certification pursuant to § 1292(b) must meet a high standard to overcome the strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals." *Am. Soc'y for Prevention of Cruelty to Animals v. Ringling Bros. & Barnum & Bailey Circus*, 246 F.R.D. 39, 43 (D.D.C. 2007) (quoting *Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Grp.*, 233 F. Supp. 2d 16, 20 (D.D.C. 2002) (additional citation omitted)). "Although courts have discretion to certify an issue for interlocutory appeal, interlocutory appeals are rarely allowed . . . the movant 'bears the burden of showing that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment.'" *Judicial Watch*, 233 F. Supp. 2d at 20 (quoting *Virtual Def. and Dev. Int'l, Inc. v. Republic of Moldova*, 133 F. Supp. 2d 9, 22 (D.D.C. 2001)); *see also Tolson v. United States*, 732 F.2d 998, 1002 (D.C. Cir. 1984) ("Section 1292(b) is meant to be applied in relatively few situations and should not be read as a significant incursion on the traditional federal policy against piecemeal appeals."); *In re Vitamins Antitrust Litigation*, No. 99–197 (TFH), 2000 WL 673936, at *1 (D.D.C. Jan. 27, 2000) ("[T]he law is clear that certification under § 1292(b) is reserved for truly exceptional cases.").

Section 1292(b) provides for interlocutory appeals from "otherwise not immediately appealable orders, if conditions specified in the section are met, the district court so certifies, and the court of appeals exercises its discretion to take up the request for review." *Caterpillar Inc.*,

8

519 U.S. at 74 n.10.  The moving party must demonstrate that the order at issue (1) involves a controlling question of law; (2) offers substantial ground for difference of opinion as to its correctness and; (3) if appealed immediately, would materially advance the ultimate termination of the litigation.  *See* § 1292(b).  Even if the movant establishes the three criteria under section 1292(b), the Court may still deny certification, as the decision to certify an order for interlocutory appeal is entirely within the district court's discretion.  *See Swint v. Chambers County Comm'n*, 514 U.S. 35, 47 (1995) ("Congress . . . circumscribed [a district court's] authority to certify for immediate appeal interlocutory orders deemed pivotal and debatable.").  Because the Court finds that Plaintiff has not satisfied the three statutory factors or demonstrated that "exceptional circumstances" justifying interlocutory appeal apply here, certification pursuant to § 1292(b) is not warranted.

Plaintiff argues that the Court's order denying without prejudice her motion to remand involves a "controlling issue of law" because "resolution of the remand question could determine the course of the litigation of the Plaintiff's claim."  Pl.'s Mot. to Certify at 7-8.  To be sure, the resolution of whether this case was properly removed will determine whether this case may proceed in this Court or whether it must be remanded to D.C. Superior Court.  But that question must be addressed by *this Court* in the first instance; this Court has *not* yet determined whether removal was appropriate or if it has jurisdiction to consider the merits of Plaintiff's claims.  *See* Mem. Op. at 14, ECF No. 33.  Rather, because the Court is "required to satisfy [itself] of [its] own jurisdiction before proceeding to the merits of a case," *New York v. Microsoft Corp.*, 209 F. Supp. 2d 132, 144 (D.D.C. 2002), the Court concluded that additional briefing—specifically addressing the applicability of *Grable* to this case—would aid its determination of its own jurisdiction.  *See id.* at 13-14.

9

Plaintiff also argues that the questions of whether the Court can order her to "re-file a Second Motion to Remand to address arguments not raised" and whether "arguments in different cases can be relied on by different Defendants" are controlling issues of law. Pl.'s Mot. to Certify at 3, 9; *see also id.* at 9 ("[I]f a District Court is unclear whether it should remand or not should it ask for a further re-filing of a new Motion to Remand from a pro se Plaintiff to address matters not raised?"). Here, the Court's order directed the parties to address a legal issue relevant to the Court's jurisdiction because the Court has a "continuing duty to examine its subject matter jurisdiction." *Bronner v. Duggan*, 962 F.3d 596, 601 (D.C. Cir. 2020) (internal citations). Its order requiring the parties to file additional briefing to aid the Court's assessment of its own jurisdiction was not a "controlling issue of law" justifying appellate review, but rather an effort to obtain additional information from the parties to address lingering concerns about its jurisdiction. *See, e.g., id.* at 599 (affirming district court's dismissal order after the district court had ordered additional briefing to address "lingering concerns" about its jurisdiction).

Plaintiff also has not demonstrated that "substantial ground for difference of opinion" exists with respect to the Court's order.[4] Plaintiff argues that there is "substantial difference" of

---

[4] In support of this argument, Plaintiff contends that the Court's order denying her motion to remand demonstrates "that this element is met," because the Court "states that there may be a 'Grable' argument to be made, and, asks that the Plaintiff make it and then answer it." Pl.'s Mot. to Certify at 9, ECF No. 33. This is *not* what the Court's order required, as the Court has previously endeavored to clarify. *See* Mem. Op. at 14, ECF No. 33 ("In order to avoid inconsistent jurisdictional rulings in these parallel actions, the Court will deny Plaintiff's motion to remand without prejudice. Plaintiff may then *refile* her remand motion and, *in response*, IBRD may directly address the applicability of *Grable* and its progeny to the Court's removal jurisdiction over Plaintiff's action." (emphases added)); Order, ECF No. 36 ("The Court notes that its March 25, 2021 Memorandum Opinion indicated that "Plaintiff may . . . *refile* her remand motion and, in response, [Defendant] may directly address the applicability of *Grable* and its progeny to the Court's removal jurisdiction over Plaintiff's action. Plaintiff will have the opportunity to *reply* to Defendant's arguments raised in response to her refiled motion to remand in a reply brief." (internal citation and quotation marks omitted)).

10

opinion as to whether her case may proceed in federal court.  Pl.'s Mot. to Certify at 9.  While that may or may not be the case, *this Court* has yet to decide whether her case may proceed in federal court or whether it must be remanded.  Plaintiff's arguments that certification at this stage would "materially advance the disposition of litigation" because "the prospect of an immediate remand to D.C. Superior Court [would] thereby avoid otherwise needless material expense" fail for the same reason.  *Id.* at 10.  She  presupposes that this Court lacks jurisdiction over her claims, an issue this Court has not yet determined.  Certifying its order for interlocutory review at this juncture would not materially advance the litigation because this Court has yet to reach any conclusion regarding the very issue about which Plaintiff seeks appellate review.

### B.  Collateral Order Doctrine.

Plaintiff also argues that the Court's order denying without prejudice her motion to remand is appealable pursuant to the "collateral order doctrine."  *See id.* at 4.  To be immediately appealable under the collateral doctrine, an order must: (1) "conclusively determine the disputed question"; (2) "resolve an important issue completely separate from the merits of the action"; and (3) "be effectively unreviewable on appeal from a final judgment." *Doe v. Exxon Mobil Corp.*, 473 F.3d 345, 349 (D.C. Cir. 2007).  The Supreme Court has "*repeatedly* emphasized the narrowness of the collateral order doctrine," *id.* (emphasis in original):  "[This] 'narrow' exception *should stay that way* and never be allowed to swallow the general rule ... that a party is entitled to a single appeal, to be deferred until final judgment has been entered, in which claims of district court error at any stage of the litigation may be ventilated." *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994) (emphasis added).

The D.C. Circuit has directed that "[t]he denial of a motion to remand does not fall within the collateral order doctrine . . . because such a denial does not 'render impossible any review

11

whatsoever.'" *Neal*, 980 F.2d at 748. This binding precedent plainly forecloses application of the collateral order doctrine to the Court's order denying Plaintiff's motion to remand. Moreover, the Court's earlier order, as discussed above, did not "conclusively determine the disputed question"—whether the Court has removal jurisdiction over Plaintiff's claims. For these reasons, the Court's order denying Plaintiff's Motion to Remand is not immediately appealable under the narrow collateral order doctrine.

***

Because the Court shall deny Plaintiff's Motion to Certify, it also finds that a stay of this matter is not required, and so shall also deny Plaintiff's pending Motion to Stay. As provided below, the Court shall order the parties to complete briefing regarding Plaintiff's [41] Second Motion to Remand.

### III.   CONCLUSION & ORDER

For the foregoing reasons, it is this 9th day of June, 2021, hereby

**ORDERED** that Plaintiff's [38] Motion to Certify and [39] Motion to Stay are **DENIED**; it is further

**ORDERED** that Defendant shall file a response to Plaintiff's [41] Second Motion to Remand by **no later than June 18, 2021** and Plaintiff shall file her Reply **by no later than July 2, 2021.**

The Clerk of Court shall mail a copy of this Memorandum Opinion & Order to Plaintiff's address of record.

**SO ORDERED.**

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge