### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SARA GONZÁLEZ FLAVELL,<br>      Plaintiff<br><br>     v.<br><br>INTERNATIONAL BANK FOR<br>RECONSTRUCTION AND DEVELOPMENT,<br>     Defendant | Civil Action No. 20-623 (CKK) |

### MEMORANDUM OPINION
(March 7, 2022)

Plaintiff Sara González Flavell, proceeding *pro se*, filed this action in the Superior Court of the District of Columbia seeking reimbursement for certain employment benefits allegedly owed to her by Defendant International Bank for Reconstruction & Development ("IBRD"). IBRD subsequently removed this action to federal court and then moved to dismiss Plaintiff's complaint.[1]  Plaintiff moved to remand the action to state court.

The Court denied without prejudice Plaintiff's first motion to remand.  In so doing, the Court concluded that IBRD had not carried its burden of demonstrating that removal was proper pursuant to the International Organizations Immunities Act of 1945 ("IOIA"), 22 U.S.C. § 288a, the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1330(a), or the Bretton Woods Act of 1945, 22 U.S.C. § 286g.  However, in assessing IBRD's argument that the Court had "general federal question" jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331, the Court observed that IBRD had failed to address whether this action fits within the narrow category of cases in which state-law claims raise a substantial federal issue, as articulated by the Supreme Court in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S.

---

[1] In its [32] Order and [33] Memorandum Opinion, the Court denied without prejudice IBRD's motion to dismiss, in order to allow further consideration of whether its removal of this action was proper.

308 (2005).  Accordingly, in furtherance of its obligation to ensure its own jurisdiction, the Court

ordered Plaintiff to re-file her motion to remand to allow the parties to address this issue.

Now pending before the Court is Plaintiff's [41] Second Motion to Remand.  Upon review

of the pleadings,[2] the relevant legal authority and the record as a whole, the Court will **GRANT**

Plaintiff's Second Motion to Remand.  However, the Court shall **DENY** Plaintiff's request for fees

and costs associated with removal.

## I.   BACKGROUND

On February 6, 2020, Plaintiff filed a civil action against IBRD in the Superior Court of

the District of Columbia ("D.C. Superior Court").  *See* Compl. at 1, ECF No. 1-1.  Therein, Plaintiff

alleged that she had been an employee of IBRD from October 1988 until December 2017.  *See id.*

¶ A.  In December 2017, however, IBRD allegedly terminated Plaintiff "due to redundancy."  *Id.*

¶ E.  IBRD then withheld $74,101.90 in employee benefits from Plaintiff, allegedly owed to her

upon termination.  *See id.* ¶ P.  According to Plaintiff, IBRD's refusal to pay out these benefits

violated IBRD's own "rules," as well as "DC law."  *Id.* ¶ E.  On the basis of these withholdings,

Plaintiff asserted a single "breach of contract" claim against IBRD in her complaint before the

D.C. Superior Court.  *See id.* at 13 (identifying "nature of suit").

On March 3, 2020, IBRD removed Plaintiff's action from D.C. Superior Court to this

Court, pursuant to 28 U.S.C. § 1441(a).  To support removal, IBRD explained that it is a "public

international organization" under the International Organizations Immunities Act of 1945

("IOIA"), Not. of Removal ¶ 5, ECF No. 1, and, therefore, receives "the same privileges and

immunities as foreign nations conferred by the Foreign Sovereign Immunities Act ("FSIA")," *id.*

---

[2] The Court's consideration has focused on the following:  Plaintiff's Second Motion to Remand to State Court ("Pl.'s 2d Mot. to Remand"), ECF No. 41; Defendant's Memorandum of Points & Authorities in Opposition to Plaintiff's Second Motion to Remand ("Def.'s Opp'n to Pl.'s 2d Mot."); and Plaintiff's Reply Memorandum ("Pl.'s 2d Mot. Reply Mem."), ECF No. 54.

at ¶ 6.  IBRD contended that because "the Court must apply the intricacies of federal case law interpreting the FSIA at the outset of any suit against an international organization, Plaintiff's claims arise under a federal question."  *Id.*  In sum, IBRD asserted that "[t]his Court has original jurisdiction over this matter pursuant to the IOIA, 22 U.S.C. § 288a, the FSIA, 28 U.S.C. § 1330(a), . . . and because it raises a question arising under federal law, 28 U.S.C. § 1331."  *Id.* ¶ 7.

One week after its removal under § 1441(a), IBRD filed a motion to dismiss Plaintiff's breach of contract claim for lack of subject matter jurisdiction.  *See* Def.'s Mot. to Dismiss at 1, ECF No. 7.  IBRD's motion acknowledged that Plaintiff's complaint "checked the 'Breach of Contract' box when indicating the nature of her suit."  *Id.* at 9 n.1.  Nonetheless, IBRD argued that this Court lacked jurisdiction over Plaintiff's claims because IBRD "is immune from suit and legal process pursuant to its Articles of Agreement and the [IOIA]."  *Id.* at 1.  In particular, IBRD explained that "having to defend against a lawsuit based on Plaintiff's employment-related allegations interferes with the pursuit of [IBRD's] chartered objectives" and "would contravene the express language of Article VII section 1" of its Articles of Agreement.  *Id.* at 6 (quotation omitted).  Accordingly, IBRD maintained that this Court "lacks subject-matter jurisdiction and the Complaint should be dismissed with prejudice."  *Id.* at 5.

In view of Plaintiff's *pro se* status, the Court issued an order on March 10, 2020, pursuant to *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), notifying Plaintiff of her obligation to respond to IBRD's dispositive motion.  *See* Order at 1, ECF No. 8.  The Court also "order[ed] Plaintiff to include in her response to [IBRD's] Motion to Dismiss either an Amended Complaint, or a precise statement of the nature of the claims she [wa]s making in her Complaint and the legal grounds in order to assist the Court and parties in determining her claims."  *Id.*  The Court then required Plaintiff to submit her opposition and her amended pleadings by April 10, 2020.  *See id.*

In response, on March 17, 2020, Plaintiff promptly filed a motion to remand her complaint back to the D.C. Superior Court. *See* Pl.'s 1st Mot. to Remand at 1, ECF No. 10. In that motion, Plaintiff contended that her "claim [was] based on state law," *id.* at 19, and that IBRD's notice of removal included "no plausible case [for] federal question jurisdiction[,]" *id.* at 16. As such, Plaintiff requested that this Court "remand [her] case to state court in accordance with 28 U.S.C. § 1447(c)." *Id.* at 19. In turn, IBRD filed an opposition on March 31, 2020, which again argued that "[p]ursuant to the IOIA, international organizations enjoy the same privileges and immunities as foreign nations under the FSIA, so this action may be removed to federal court." Def.'s Opp'n to Pl.'s 1st Mot. to Remand at 3, ECF No. 13. Additionally, IBRD's opposition brief asserted, for the first time, that the Court alternatively "has original jurisdiction pursuant to Section 10 of the Bretton Woods Act of 1945." *Id.* (citing 22 U.S.C. § 286g).

In June 2020, after moving for remand, Plaintiff filed an amended complaint. Plaintiff made clear that her amended complaint was filed specifically to comply with what "the Court ordered . . . in its Order of March 10, 2020." Pl.'s Mot. to Am. at 1, ECF No. 22. Plaintiff's amended complaint reiterated, in greater detail, her allegations that IBRD had wrongfully withheld benefit payments contractually owed to Plaintiff upon her termination in December 2017. *See* Am. Compl. at 1–12, ECF No 22-2. In her amended complaint, Plaintiff set forth eight common-law causes of action, for: (1) Breach of Contract; (2) Conversion; (3) Misappropriation and/or Detinue; (4) Unjust Enrichment and/or Restitution; (5) Fraud and Deceit; (6) Misrepresentation; (7) Nonfeasance and/or Malfeasance; and (8) Tortious Interference with Contract. *See id.* at 55–103. In light of this amended pleading, the Court denied IBRD's original motion to dismiss without prejudice and ordered IBRD to respond to Plaintiff's amended complaint by June 26, 2020. *See* Order, at 1, ECF No. 23. IBRD subsequently filed a renewed motion to dismiss Plaintiff's

amended complaint, again arguing that this Court lacks subject matter jurisdiction over Plaintiff's claims because IBRD is "immune from suit and legal process pursuant to its Articles of Agreement and the [IOIA]."  Def.'s Mem. of P. & A. in Supp. of 2d Mot. to Dismiss at 1, ECF No. 24-1.

On March 25, 2021, the Court denied without prejudice Plaintiff's (First) Motion to Remand.  *See Flavell v. Int'l Bank for Reconstruction & Dev.*, Civil Action No. 20-623 (CKK), 2021 WL 1146301 (D.D.C. Mar. 25, 2021)*.*  The Court was not persuaded by IBRD's arguments that the IOIA, FSIA, or Bretton Woods Act support removal jurisdiction over Plaintiff's lawsuit. *Id.* at *3–5.  The Court was also unpersuaded that IBRD had properly invoked federal question jurisdiction under 28 U.S.C. § 1331 because its arguments were based on its "own potential federal immunity to Plaintiff's action," and it is well-established that the presence of a federal question is governed by the "well-pleaded complaint rule." *Id.* at *5–6 (internal citations and quotation marks omitted).

However, the Court noted that "there does exist a narrow exception to the traditional 'well-pleaded complaint' rule," articulated by the Supreme Court in *Grable & Sons Metal Prods., Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308 (2005).  *See Flavell*, 2021 WL 1146301, at *7. Specifically, "a purely state-law claim may still trigger federal question jurisdiction, where it 'necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.'" *Id.* (*quoting Gunn v. Minton*, 568 U.S. 251, 258 (2013)).

The Court further observed that Plaintiff had filed a parallel action against several IBRD officers and employees for alleged wrongdoing related to her termination.  *See* Compl. ¶¶ 1–10, *Gonzalez Flavell v. Kim et al.*, 21-cv-115-CKK (D.D.C. 2021) , ECF No. 1-3.  As with this action, the defendants in *Kim* removed Plaintiff's original complaint from D.C. Superior Court and were

litigating Plaintiff's pending motion to remand.  Unlike IBRD, however, the defendants in *Kim* argued that the exception to the "well-pleaded complaint" rule articulated by the Supreme Court in *Grable* applied.  *See* Def.'s Opp'n to Pl.'s Mot. Remand at 3–12, *Gonzalez Flavell v. Kim et al.*, 21-cv-115-CKK (D.D.C. 2021), ECF No. 23.  Accordingly, to avoid potentially inconsistent jurisdictional rulings in these parallel actions, the Court denied Plaintiff's motion to remand in this case without prejudice, and permitted Plaintiff to re-file her remand motion so that, in response, IBRD could directly address the applicability of *Grable* and its progeny to the Court's removal jurisdiction over Plaintiff's action.  *Flavell*, 2021 WL 1146301, at *7.  Plaintiff's Second Motion to Remand is now ripe for the Court's consideration.

## II.     LEGAL STANDARD

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."[3]  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Upon filing a notice of removal, the defendant "bears the burden of proving that jurisdiction exists in federal court."  *Downey v. Ambassador Dev., LLC*, 568 F. Supp. 2d 28, 30 (D.D.C. 2008); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Similarly, "[w]hen a plaintiff seeks to have a case that has been removed to federal court remanded back to state court, the party opposing a motion to remand bears the burden of establishing that subject matter jurisdiction exists in federal court."  *Mizell v. SunTrust Bank*, 26 F. Supp. 3d 80, 84 (D.D.C. 2014) (quotation omitted).  Courts in this jurisdiction "construe[ ] removal jurisdiction strictly, favoring remand where the propriety of removal is unclear."  *Ballard v. District of Columbia*, 813 F. Supp. 2d 34, 38 (D.D.C. 2011).  To that end, courts "must resolve any

---

[3] The D.C. Superior Court is considered a state court for removal purposes.  *See* 28 U.S.C. § 1451(a).

ambiguities concerning the propriety of removal in favor of remand." *Busby v. Cap. One, N.A.*, 841 F. Supp. 2d 49, 53 (D.D.C. 2012).

### III.    DISCUSSION

Having previously explained that IBRD had failed to carry its burden of demonstrating that the FSIA, IOIA, or Bretton Woods Act conferred original jurisdiction over Plaintiff's claims, the Court now confronts a narrow question—whether this case fits within the exception to the traditional "well-pleaded complaint" rule articulated by the Supreme Court in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308 (2005).

In *Grable*, the Supreme Court explained that "in certain cases federal-question jurisdiction will lie over state-law claims that implicate *significant federal issues.*" 545 U.S. at 312 (emphasis added) (citing *Hopkins v. Walker*, 244 U.S. 486 490–91 (1917)).  This exception is "extremely rare," and applies only to a "special and small category" of cases.  *North v. Smarsh, Inc.*, 160 F. Supp. 3d 63, 77 (D.D.C. 2015) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)).

The Supreme Court has recognized that the contours of this "slim category" are ill-defined. *Gunn*, 568 U.S. at 258 ("In outlining the contours of this slim category, we do not paint on a blank canvas.  Unfortunately, the canvas looks like one that Jackson Pollock got to first.").  "To aid courts in identifying the 'extremely rare exceptions' comprising this group," the Supreme Court "has fastened a four-part test." *Mihok v. Medtronic, Inc.*, 119 F. Supp. 3d 22, 27 (D. Conn. 2015) (quoting *Gunn*, 568 U.S. at 257). "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258.  All four requirements must be satisfied. *Id.*

Here, the Court reaches only the first prong of this test to conclude that remand is appropriate in this case. Ordinarily whether a case "necessarily raises" a federal issue turns on whether the plaintiff's state law claims "invoke[ ] federal rules of decision," or "*predicate[ ] liability* on the application of federal law." *Qatar v. First Abu Dhabi Bank PJSC*, 432 F. Supp. 3d 401, 414 (S.D.N.Y. 2020); *see, e.g.*, *Burrell v. Bayer Corp.*, 918 F.3d 372, 382 (4th Cir. 2019) (denying jurisdiction because plaintiffs could "establish all the necessary elements entirely independently of federal law"); *New York ex rel. Jacobson v. Wells Fargo Nat'l Bank*, 824 F.3d 308, 315 (2d Cir. 2016) ("A state-law claim 'necessarily' raises federal questions where the claim is affirmatively 'premised' on a violation of federal law."); *New York v. Int'l Joint Comm'n*, --- F. Supp. 3d ---, 2021 WL 4139024, at *4 (W.D.N.Y. Sept. 13, 2021) (finding that state law claim raised a federal question because  the "issue of whether the [defendant] owed a duty to the [plaintiff] and breached that duty" necessarily turned on the interpretation of a treaty);  *Belmont v. JetBlue Airways Corp.*, 401 F. Supp. 3d 348, 359 (E.D.N.Y. 2019) (holding that federal issue not necessarily raised because state-law claims did not require "determinations of rights and liabilities" under federal law).  Moreover, under *Grable*'s first prong, a "federal issue that *may* be raised in defending a claim is not 'necessarily raised.'"  *Clean Label Project Fdn. v. NOW Health Grp., Inc.*, Civil Action No. 21-11 (JDB), 2021 WL 2809106, at *7 (D.D.C. July 6, 2021) (quoting *Organic Consumers Ass'n v. Gen. Mills, Inc.*, 235 F. Supp. 226, 230 (D.D.C. 2017)).

Careful examination of *Grable* and its progeny is useful to understanding when an action "necessarily raises" a federal issue.  In *Grable*, the Internal Revenue Service seized property from the plaintiff and sold it to satisfy the plaintiff's tax delinquency.  *Grable*, 545 U.S. at 310–11.  The plaintiff later filed a quiet title action under state law against the third-party purchaser of the property, alleging that the sale of the property was invalid because the IRS had failed to comply

8

with federal notice requirements. *Id.* The Supreme Court concluded that Plaintiff's claim "warrant[ed] federal jurisdiction" because whether the plaintiff had been afforded proper notice required application of a federal statute—in sum, "[w]hether Grable was given notice within the meaning of the federal statute is thus an *essential element* of its quiet title claim[.]" *Id.* at 315 (emphasis added). In a later case applying *Grable*, the Supreme Court concluded that a state-law legal malpractice action "necessarily" raised a federal issue because the plaintiff would have been required to show that he would have prevailed in an underlying federal patent infringement case if his attorneys had timely made an argument. *Gunn*, 568 U.S. at 259. In other words, as in *Grable*, the *Gunn* plaintiff's *claims* would "necessarily require application of [federal] patent law to the facts of . . . the case." *Id.*

Few courts in this jurisdiction have concluded that federal question jurisdiction is appropriate under the *Grable* framework. *See, e.g.*, *Bender v. Jordan*, 525 F. Supp. 2d 198, 204–05 (D.D.C. 2007) (exercising jurisdiction over claims for breach of contract and unjust enrichment because federal regulation played a "central role" in the claims' resolution), *aff'd* 623 F.3d 1128, 1130 (D.C. Cir. 2010); *Dist. of Columbia v. Group Hosp. & Med. Servs.*, Inc., 576 F. Supp. 2d 51, 54 (D.D.C. 2008) (finding federal question jurisdiction under *Grable* where state-law claim centered on allegations that defendants had violated the Group Hospitalization and Medical Services' corporate charter, a federal law). Instead, the bulk of legal authority directs that the Court should limit the application of *Grable* to cases in which the plaintiff's claims are "*based on* a federal statute," *Dist. of Columbia v. Elevate Credit, Inc.*, --- F. Supp. 3d ---, 2021 WL 2982143, at *14 (D.D.C. July 15, 2021), or whether they present a "context-free inquiry into the meaning of federal law," *Washington Consulting Grp., Inc. v. Raytheon Tech. Servs.*, 760 F. Supp. 2d 94, 101–02 (D.D.C. 2011) (quoting *Bennett v. Southwest Airlines Co.*, 484 F.3d 907, 910 (7th Cir. 2007));

*see also First Abu Dhabi Bank PJSC*, 432 F. Supp. 3d at 406, 414, 416–17 (concluding that fraud claims brought by State of Qatar under New York law against defendant banks "did not turn on the application or interpretation of federal law" because "[n]one of those state law torts contains, as an element, a violation of federal law.  The Bank's liability is in no way predicated on a violation of federal law.").

Here, none of Plaintiff's state law common law claims invoke a federal rule of decision or predicate liability on the application of federal law.  Plaintiff has pled only state-law causes of action.  *See* Am. Compl. at 55–103.  Plaintiff argues that remand is required because "[t]here is no federal cause of action" and Plaintiff "relies on DC state law provisions."  Pl.'s 2d Mot. to Remand at 17 ¶ 4.

IBRD first argues that Plaintiff's claims "necessarily raise[ ]" federal issues, including the "threshold issue of [its] immunity from suit."  Def.'s Opp'n to Pl.'s 2d Mot. at 3, 6.  IBRD also argues that Plaintiff's Amended Complaint "requires the Court to interpret and apply the Bank's Articles," a "multilateral treaty incorporated into United States law" to "consider[ ] whether the Bank [is] immune from suit[.]"  *Id.* at 6.  The Court has previously rejected IBRD's reliance on its potential immunity from suit as a basis for removal jurisdiction.  *See Flavell*, 2021 WL 1146301, at *6; *see also Strategic Lien Acquisitions LLC v. Republic of Zaire*, 344 F. Supp. 2d 145, 148 (D.D.C. 2004) (concluding that the FSIA did not supply the federal district court with removal jurisdiction in a foreclosure action brought under D.C. law because "[a]ny issue pertaining to the FSIA would be raised, if at all, as a defense"); *McKeel v. Islamic Republic of Iran*, 722 F.2d 582, 586 (9th Cir. 1983) ("[T]he . . . allegation that the FSIA deprives Iran of a sovereign immunity defense to this action does not constitute a well-pleaded complaint under section 1331, and therefore does not provide a basis for statutory 'arising under' jurisdiction.").  The Court remains

unpersuaded by IBRD's attempt to invoke federal question jurisdiction in this case based on its own potential federal immunity to Plaintiff's common law action.

IBRD next argues that this case necessarily raises a federal issue because it has "necessary implications . . . for United States foreign relations." Def.'s Opp'n to Pl.'s 2d Mot. at 5 (citing *Republic of Philippines v. Marcos*, 806 F.2d 344, 354 (2d Cir. 1986)). In support of this argument, IBRD cites "the repeated submissions of the United States in cases addressing the immunity of members of the World Bank Group and other international organizations." *See id.* at 5–6. But, as IBRD provides no details about those "submissions," the cases to which they relate, or how they implicate the present case, it is unclear to the Court what these examples are supposed to show. It is similarly unclear to the Court how *Marcos* addresses the issues raised here. The plaintiff in *Marcos* brought a claim "akin to a state law cause of action for conversion" against a foreign state. 806 F.2d at 354. The court held that "federal jurisdiction is present . . . because the claim raises, *as a necessary element*, the question whether to honor the request of a foreign government that the American courts enforce the foreign government's directives to freeze property in the United States subject to future process in the foreign state." *Id.* (emphasis added). The court reasoned that "whether to honor such a request by a foreign government is itself a federal question to be decided with uniformity as a matter of federal law, and not separately in each state." *Id.* IBRD has not explained how the holding of *Marcos* applies to this case or demonstrated what "foreign relations" implications are at issue. Nor has it demonstrated how Plaintiff's *claims* raise any federal issue as a "necessary element." As such, IBRD has not carried its burden of demonstrating that this case "necessarily raises" a federal issue.

Because the Court finds that IBRD have not demonstrated that Plaintiff's claims under District of Columbia common law "necessarily" raise a federal issue, the Court concludes that the

"significant federal issues" doctrine articulated by *Grable* does not provide a basis for removal jurisdiction in this case.  Considering its obligation to "resolve any ambiguities concerning the property of removal in favor of remand," the Court concludes that this case must be remanded to D.C. Superior Court.  *Busby*, 841 F. Supp. 2d at 53.  In reaching this conclusion, the Court does *not* render any decision about Defendants' immunity.

***

As final point, Plaintiff asks the Court to award her fees and costs associated with IBRD's removal.  *See* Pl.'s 2d Mot. to Remand at 2.  The Court declines to award such fees and costs. Generally, an award of costs and expenses is appropriate "only if the removing party lacked an objectively reasonable basis for seeking removal."  *Ballard*, 813 F. Supp. 2d at 39 (quoting *Knop v. Mackall*, 645 F.3d 381, 382 (D.C. Cir. 2011)).  Reasonableness is evaluated "at the time of removal, irrespective of the fact that it might ultimately be determined that removal was improper." *Jones v. Dist. of Columbia*, 105 F. Supp. 3d 12, 13–14 (D.D.C. 2015) (quoting *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)).  "Ultimately, however, the imposition of costs and expenses is at the court's discretion."  *Dist. of Columbia v. Vizion One, Inc.*, Civil Action No. 21-cv-1071 (TSC), 2022 WL 522980, at *4 (D.D.C. Feb. 22, 2022) (internal citation omitted).

The Court finds that the "non-removability" of this case was "not so obvious" nor did IBRD "lack an objectively reasonable basis for seeking removal[.]"  *Id.*  Accordingly, the Court shall exercise its discretion to deny Plaintiff's requests for costs and expenses associated with removal.

### V.    CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's Second Motion to Remand. This case shall be remanded to D.C. Superior Court.   However, the Court **DENIES** Plaintiff's request for costs and fees associated with removal.   An appropriate Order accompanies this Memorandum Opinion.


**Date**: March 7, 2022

    /s/                            
COLLEEN KOLLAR-KOTELLY
United States District Judge
